Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5675 | **DATE** | October 21, 2010 |
| **CASE TITLE** | Donville James (#14388-424) vs. Eric Holder, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the trust fund officer at the Rochester Federal Medical Center in Rochester, Minnesota. This dismissal is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, a federal prisoner, has brought this *pro se* civil rights action purportedly pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Plaintiff sues U.S. Attorney General Eric Holder, United States Attorney Patrick Fitzgerald, Assistant United States Attorneys Patrick Collins and Valarie Hays, F.B.I. Agent Frank DePodesta, and U.S. Secret Service Agent Daniel Dick, alleging conspiracy, violation of his due process rights, and breach of duty to protect. More specifically, Plaintiff alleges that Defendants withheld evidence (a recording of a conversation that occurred on March 25, 2002) from him during his criminal trial, and that when he tried to procure a copy of the recording after his criminal appeal was complete, he was informed that the recording had been destroyed. Plaintiff was seeking a copy of the recording as it is necessary to exonerate him. Plaintiff seeks money damages from Defendants.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $41.78. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

**(CONTINUED)**

AWL

| STATEMENT |
|---|

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable federal civil rights claim.

Plaintiff's claim for damages is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). *See also Edwards v. Balisok*, 520 U.S. 641, 645-47 (1997) (holding that the Heck doctrine applies to *Bivens* claims); *accord, Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). Plaintiff may not contest the validity of his conviction by way of a civil rights action, and a finding that Defendants violated his due process rights, or conspired against him with respect to withholding evidence, would necessarily call into question the legality of Plaintiff's conviction, which was affirmed by the Seventh Circuit. *See United States of America v. Donville James*, 487 F.3d 518 (7th Cir. 2007).

Additionally, to the extent that Plaintiff's complaint alleges that he is being hindered from getting his conviction set aside, "the hindrance is of no consequence if the conviction [is] valid." *Hoard v. Reddy*, 175 F.3d 531, 534 (7th Cir. 1999). Plaintiff cannot get damages unless or until he has his conviction invalidated. *Id*.

For the foregoing reasons, this suit is summarily dismissed on initial review for failure to state a federal claim. Dismissal is without prejudice to seeking leave to file a second or successive motion attacking his sentence (assuming Plaintiff is seeking to overturn his conviction). The Court notes that Plaintiff has already filed a motion attacking his sentence under 28 U.S.C. § 2255, *see United States of America v. James*, Case No. 08 C 1416 (N.D. Ill.) (Anderson, J); the U.S. Court of Appeals must therefore authorize a second or successive motion. *See* 28 U.S.C. § § 2244 and 2255(h). Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."